IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | |
|---|---|
| INEZ SPIGNER, on behalf of herself and all individuals similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> W6LS, INC., d/b/a WITHU LOANS, and CALIBER FINANCIAL SERVICES, INC., <br><br> Defendants. | ) ) ) ) ) ) ) Case No. ) ) ) ) ) ) |

## NOTICE OF REMOVAL

Defendants W6LS, Inc. and Caliber Financial Services, Inc., (collectively as "Defendants"), by and through counsel, without waiving any defenses including as to tribal sovereign immunity or the right to compel arbitration, and pursuant to 28 U.S.C. §§ 1441 and 1446, hereby remove this action to the United States District Court for the Middle District of Florida, Ocala Division. As grounds for this removal, Defendants state as follows:

1. A civil action was brought in the Circuit Court of the Fifth Judicial Circuit of the State of Florida, in and for Lake County, Florida, styled *Inez Spigner v. W6LS, Inc., d/b/a WithU Loans and Caliber Financial Services, Inc.*, Case No. 35-2023-CA-003149.

2. The first two counts of the Class Action Complaint allege violations of Florida state law. Count III alleges violations of the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. § 1962(c) ("RICO"). *See* a true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions, on file in the state court at the time of this removal, attached hereto as Composite Exhibit A.

3. This Court has federal question removal jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a) because a RICO claim arises under the laws of the United States. *Gov't Emps. Ins. Co. v. Martineau*, No. 8:19-CV-1382-MSS-SPF, 2020 WL 13661780, at *4 (M.D. Fla. Mar. 9, 2020). This Court has supplemental jurisdiction over the state law claims because they share a common nucleus of operative fact with the RICO claim, namely, alleged unlawful practices to collect usurious loans. *Id.*

4. Furthermore, this Court has diversity of citizenship removal jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

5. Paragraph 10 of the Class Action Complaint alleges that Plaintiff resides in Florida and, therefore, on information and belief, Plaintiff is domiciled in the State of Florida. Furthermore, Plaintiff seeks to represent a class of Florida residents. The class is therefore intended to be comprised of persons domiciled in the State of Florida.

6. Paragraphs 12-15 of the Class Action Complaint concede that Defendants are not domiciled in the State of Florida. Defendants are wholly-owned by the Otoe-Missouria Tribe of Indians, a federally recognized Indian Tribe (the "Tribe") whose tribal land is located within the State of Oklahoma. They are entities formed under the laws of the Tribe and are economic arms of the Tribe. Their principal place of business is located within the State of Oklahoma.

7. As a result, there is diversity of citizenship between the parties pursuant to 1332(d)(2) because a member of the class of plaintiffs is a citizen of a state different from any defendant and/or because defendants are citizens of a foreign state.

8. The putative class contains more than 100 members because the Class Action Complaint alleges in paragraph 71 that it includes "likely hundreds of members…."

9. The amount in controversy exceeds $5 million, exclusive of interest and costs, because the Class Action Complaint seeks declaratory relief with respect to at least hundreds of loans involving the putative class members, contends unjust enrichment as to amounts paid, a civil penalty of each alleged violation in the amount of $10,000, treble damages, and attorney fees. *See* Class Action Complaint at ¶¶ 86, 87, 98, 99, 107. *See also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold").

10. All Defendants consent to removal.

11. Defendants executed waivers of service on January 15, 2024.

12. This Notice of Removal is timely under 28 U.S.C. § 1446(b), in that it is filed within 30 days of service of the Class Action Complaint and summons to Defendants. *See Premier Med. Billing, Inc. v. Gotham Footcare, Inc.*, No. 8:18-CV-185-T-36AEP, 2018 WL 4078823, at *3 (M.D. Fla. Aug. 27, 2018) (ruling that the 30-day clock for removal is triggered upon waiver of service).

13. Pursuant to 28 U.S.C. § 1446(d), a true and complete copy of this Notice of Removal is being filed with the Circuit Court of the Fifth Judicial Circuit of the State of Florida, in and for Lake County, Florida, with service to all parties.

WHEREFORE, Defendants W6LS, Inc. and Caliber Financial Services, Inc., remove this action to the United States District Court for the Middle District of Florida.

Dated this 14th day of February 2024.

Respectfully submitted,

By: */s/ Eleanor T. Barnett*
    Eleanor T. Barnett, Esq.
    Fla. Bar No. 0355630

ARMSTRONG TEASDALE LLP
355 Alhambra Circle, Suite 1200
Coral Gables, Florida 33134
Telephone: (305) 371-8809
Telecopier: (305) 448-4155
FOR SERVICE OF PLEADINGS:
ebarnett@atllp.com
miamiefiling@atllp.com

*Counsel for Defendants*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2024, I electronically filed the foregoing by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    */s/ Eleanor T. Barnett*
    Eleanor T. Barnett, Esq.